[15161.   Department One. — June 8, 1893.]

LOUISE COWGILL, RESPONDENT, v. J. L. DINWIDDIE
ET AL., EXECUTORS, ETC., APPELLANTS.

ESTATES OF DECEDENTS — REJECTION OF CLAIM — OPTION OF CLAIMANT. — Where
the executor or administrator of an estate to whom a claim is presented neglects
to indorse his allowance or rejection thereon for more than ten days, it is op-
tional with the claimant to deem the neglect equivalent to a rejection, but he
need not so deem it unless he chooses.

ID. — ELECTION OF CLAIMANT AFTER TENTH DAY — LIMITATION OF ACTION UPON
CLAIM — SUIT AS EVIDENCE OF ELECTION AND NOTICE. — A person having a claim
against an estate, who has not elected to consider his claim rejected upon the
tenth day after presentation, may subsequently thereto, and at any time before
official action by the executor or administrator thereon, elect at his option to
consider his claim as rejected, and may, under section 1498 of the Code of Civil
Procedure, bring an action thereon within three months after notice of such
election, and in the absence of other proof suit brought is conclusive evidence
of such election and notice thereof.

ID. — CONDITIONS PRECEDENT TO ACTION — REJECTION OF CLAIM NOT REQUIRED.
— No action can be maintained upon a claim until it is first presen ed, save in
the excepted cases specified in section 1500 of the Code of Civil Procedure; but
the statute does not require that the executor or administrator must reject a
claim before an action can be maintained upon it.

ID. — REFUSAL TO ALLOW INSPECTION OF REJECTED CLAIM — RIGHTS OF C AIM-
ANT. — Where a claim was presented against an estate, and thereafter. upon
inquiry made of the executor's attorneys, the attorney for the claimant was
told that he might consider the claim rejected upon that day, but the attorneys
for the executor refused to allow an inspection of the claim or to return it to
the claimants, the fact that the claim was, in fact, marked rejected, as of a date
prior thereto, could not constitute a rejection of the claim as of that date bind-
ing upon the claimant, and such apparent rejection may be disregarded by the
claimant.

ID. — DUTY OF EXECUTOR TO RETURN REJECTED CLAIM — CONCEALED REJECTION
INOPERATIVE. — It is the duty of an executor or administrator on demand to
return a rejected claim against the estate to the claimant with his official action
indorsed thereon; and if he secretly rejects the claim and refuses to deliver it
to the claimant, or to inform him of the action taken thereon, it operates, or
may operate, as a fraud upon the claimant, and becomes inoperative as a
rejection.

ID. — PLACE OF PRESENTATION OF CLAIM — OFFICE OF ATTORNEYS OF EXECUTOR.
— Where a notice to creditors given by the executors directs the creditors to
present their claims to them at the office of the attorneys of such executors, a
claim presented by an attorney of a creditor at the office of the executors'
attorneys is properly presented.

ID. — POWER OF EXECUTORS' ATTORNEYS — ALLOWANCE OR REJECTION OF CLAIM —
DELIVERY OF REJECTED CLAIM — REFUSAL OF ATTORNEYS. — The allowance or
rejection of a claim is an official act which the attorneys of the executors have
not the power to perform; but the delivery of a rejected claim to the owner
thereof, upon demand, is a mere ministerial act which such attorneys have a
right to perform, and their action therein, whether of delivery or of refusal to
deliver or to allow the inspection of the claim, binds the executors.

APPEAL from a judgment of the Superior Court of Sonoma
County, and from an order denying a new trial.

The facts are stated in the opinion.

*Haskell & Meyer,* for Appellants.

*Lippitt & Lippitt,* for Respondent.

SEARLS, C. — Appeal from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial. The action was brought to recover one thousand dollars upon an instrument in writing executed by Thomas Rochford, deceased, on the third day of December, 1886, to be paid by his executors after his death to the plaintiff, provided said sum is not left for her use in his last will. The demand was presented to the executors January 16, 1891, and as plaintiff avers rejected on the seventh day of February, 1891. Suit was brought within three months thereafter. The answer denies that the claim was rejected on the seventh day of February, 1891, but avers that it was so rejected February 2, 1891, and claims that the action was brought within three months thereafter. The principal contention at the trial seems to have been over the question of the rejection of the claim.

The errors assigned by appellants are as follows: 1. That the findings in this case are contrary to the issues and admissions of the pleadings. 2. That the findings do not respond to all the issues. 3. That the findings contain evidence instead of ultimate facts. The three objections are in their essential elements so blended that they may properly be considered together, and the findings of fact which illustrate them may be summarized in part and stated at length, where deemed necessary, as follows: —

1. Notice to creditors was given by defendants as executors September 29, 1890, in which such creditors were directed to present their claims to them at the law office of Haskell & Meyer, etc., within ten months.

2. Plaintiff's claim was presented on January 16, 1891, by her attorneys.

3. That thereafter plaintiff's attorneys called several times and made inquiry as to action by the executors on the claim, and were told that no action had been taken thereon.

4. "That on the seventh day of February, 1891, Frank K.

Lippitt, one of the attorneys for the plaintiff, called again at the office of said Haskell & Meyer to learn what action had been taken by said executors, and was told by one of the attorneys for said executors, that he might consider the claim rejected on that day, and that plaintiff commenced this action within three months from the said seventh day of February, 1891."

5. "That on said seventh day of February, 1891, the said attorneys for said defendants had the said claim in their said office, and that the same in fact had been indorsed *rejected on February* 2, 1891."

6. "That the said attorneys refused to allow the attorneys for plaintiff to see the claim with the indorsement of the rejection thereon, or to return the same to them, though the same was demanded of them."

It will be seen by the foregoing that the court found that the claim had *in fact* been indorsed rejected on February 2, 1891. The additional facts, as found, were doubtless stated for one of two reasons, viz., either to show that while secretly indorsed as rejected on that day, the indorsement was not operative as a rejection because withheld from the plaintiff, or because while in fact rejected February 2, 1891, defendants were estopped by the acts of their attorneys who misled plaintiff from setting up the rejection as of an earlier date than February 7, 1891. It will be observed that the *fact of rejection* is admitted by the pleadings. The only question in issue is the date.

Section 1496 of the Code of Civil Procedure requires the executor or administrator, to whom a claim is presented, to indorse thereon his allowance or rejection with the day and date thereof. It does not in terms specify the time within which this must be done. If not so indorsed within ten days the "refusal or neglect *may at the option of the claimant* be deemed equivalent to a rejection on the tenth day." As this is optional with the claimant, he need not so deem it unless he chooses. (*Bank of Ukiah* v. *Shoemake,* 67 Cal. 148.) A claimant may well suppose in many instances that his demand, although not allowed within ten days, will ultimately be approved, and hence that an action to establish its validity will be unnecessary. Whatever the motive may have been, it is made evident by the

inquiries of plaintiff's attorneys as late as February 7th, that they had not elected to deem the claim as rejected on the tenth day after its presentation. When a claim is allowed by the executor or administrator, and approved by a judge of the superior court, it must be filed in the court within thirty days, but as to rejected claims there is no such provision. Manifestly it is the duty of the executor or administrator on demand to return a rejected claim to the claimant with his official action indorsed thereon. Such indorsement is evidence of his action necessary to the claimant in bringing and maintaining an action to establish the claim, and if he secretly rejects the claim and refuses to deliver it to the claimant, or to inform him of the action taken thereon, it operates or may operate as a fraud upon the claimant, and becomes inoperative as a rejection. In *Steward* v. *Hinkel*, 72 Cal. 191, a case in which the executors had rejected a claim and thereafter refused to give the claimant any information as to the action taken, Temple, J., in a concurring opinion, held the following language: "But in this case, inasmuch as the executors not only failed to inform the creditor of their action, but refused to do so, we may regard the case as though they had not acted at all. . . . . Secret action, which the creditor has no means of knowing, is equivalent to no action at all."

Under the notice given by the executors the claim was properly presented at the office of Haskell & Meyer. (*Bollinger* v. *Manning*, 79 Cal. 7; *Roddan* v. *Doane*, 92 Cal. 555.)

Allowing or rejecting a claim is an official act, which the attorneys of the executors had not the power to perform; but the delivery of a rejected claim to the owner thereof, upon demand when in their possession, was a mere ministerial act which, as attorneys of the executors, they had a right to perform, and their action therein bound the executors.

I am therefore of opinion that on the facts as presented in this case, there had not been in contemplation of law any rejection of the claim in question up to the seventh day of February, 1891. The apparent rejection on February 2d having been secret, and knowledge thereof having been denied to plaintiff by a refusal to deliver to her the claim or to furnish information, might be disregarded by the plaintiff. Under such circum-

stances, it was under the doctrine of *Bank of Ukiah* v. *Shoe-make*, 67 Cal. 148, the right of plaintiff to elect to consider the claim as rejected, as she did on the 7th of March following.

In the case versus Shoemake, 67 Cal. 148, the claim was presented to the executor October 19, 1881, and the action was commenced July 1, 1882. The complaint averred the presentation, that the executrix "did refuse and neglect for the space of ten days thereafter to indorse her allowance or rejection thereon, and has ever since so refused and neglected. Wherefore the plaintiff demands judgment." A demurrer was interposed to the complaint, setting forth the bar of the statute under sections 1496 and 1498 of the Code of Civil Procedure. The demurrer was sustained by the superior court and final judgment rendered in favor of defendant. On an appeal to this court respondent contended: 1. That if plaintiff had elected to consider its claim as rejected on the tenth day after presentation, then the action not having been brought within three months thereafter, was barred by section 1498 of the Code of Civil Procedure. 2. That if it did not so elect, as there was no allegation of an actual rejection of the claim, the action could not be maintained, because never rejected. The contention of appellant was, that when the executor fails to avail himself of his privilege to accept or reject a claim in ten days after presentation, that the claimant may at any time thereafter elect to regard such non-action as rejection, and it is only when he does so that the bar provided for by section 1498 is set in motion.

From the decision reversing the case, it will be seen the court upheld the position of the appellant. The case as reported contains no full statement of facts, but by reference to the record on file, the questions really presented are readily attained.

The doctrine of that case would seem to comport with justice, and does no violence to the provisions of the code. Section 1498, which requires an action to be brought upon a claim within three months after its rejection, otherwise it shall be barred, is a statute of limitations in favor of and in the interests of estates. It tends to an early settlement and to the rejection of stale claims. The representative of the estate always has it in his power to set the statute in motion by an early rejection of claims presented to him. If he fails to do so, it

would seem hardly just to a claimant, who has not exercised his option at the end of ten days, to consider the claim rejected, to hold him to have set the statute in motion as of that date, when he afterwards brings an action on the claim.

No action can be maintained on a claim until it is first presented, save in the excepted cases. (Sec. 1500, Code Civ. Proc.) The statute does not in terms hold that the executor or administrator must reject a claim before an action can be maintained upon it. Under what is believed to be the rule, established by *Bank of Ukiah* v. *Shoemake*, it is held that a claimant, who has not elected to consider his claim rejected upon the tenth day after presentation, may subsequently thereto, and at any time before official action by the executor or administrator thereon, elect at his option to consider his claim as rejected, and may, under section 1498, bring an action thereon within three months thereafter, and in the absence of other proof suit brought is conclusive evidence of such election and notice thereof.

In this view of the case the findings are not contrary to the issues, and they respond to all the issues made in the case. What is claimed by the appellants as a statement of evidence, instead of a finding of the ultimate facts in the case as to the refusal of defendant's attorneys to deliver the rejected claim to the attorneys of plaintiff, etc., is but a statement of such collateral facts as show that the apparent rejection of the claim on the second day of February 1891, was of no effect, because a knowledge thereof was not on demand furnished to the plaintiff. For that purpose they were ultimate facts, and the declaration that the plaintiff might consider the claim as rejected on the 7th of February was mere surplusage, which, while in the view we have taken of the case, immaterial, certainly did no harm to the appellants.

The conclusion of law drawn from the facts, that the claim had never been *actually rejected*, was correct, for reasons hereinbefore given, and the statement that it "is deemed to have been rejected on the tenth day after presentation," instead of at the election of the plaintiff, is of no importance as to the validity of the judgment.

The judgment and order appealed from should be affirmed.

Belcher, C., and Temple, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Garoutte. J., Harrison, J., Paterson, J.