[L. A. No. 8200. In Bank.—March 16, 1927.]

## CHARLES M. MIX, Appellant, v. F. E. YOAKUM et al., as Executors, etc., Respondents.

[1] TRUSTS—ESTATES OF DECEASED PERSONS—CLAIM—PLEADING—PRO-
VISIONS OF COMPLAINT.—In an action upon a claim against the
estate of a deceased person, allegations of the complaint are
sufficient to establish an express trust where it is averred that
the plaintiff, who had confidence in the deceased for special
reasons, deposited with the deceased a certain sum of money upon
the representation of the deceased that he and another would
hold the funds for plaintiff "as a trust fund" to be by them
loaned to various persons such as they should elect, and that
such funds would earn not less than twelve per cent per annum,
that they would pay the plaintiff such interest as his money
would earn from time to time, and that they would "repay to
him the principal at such time as he should demand the same."

[2] ID.—REJECTED CLAIM—ACTION ON.—It is well settled that in an
action on a rejected claim against the estate of a deceased
person the claimant can only recover upon the cause of action set
forth in his claim.

[3] ID.—CAUSES OF ACTION—DISTINCTION BETWEEN.—There is a clear
distinction between the cause of action of one who claims specific
property held and claimed by the estate of a deceased person
adversely to the claimant and a cause of action founded upon a
claim against the estate; in the one case the claimant is in
no sense a creditor of the estate and in the other he occupies the
position of a creditor.

[4] ID. — TRACING OF FUNDS — WHEN UNNECESSARY — GENERAL CREDI-
TOR.—In such an action plaintiff is not compelled to allege and
prove the specific fund or property in the hands of the estate
into which his funds went, where he is seeking to recover as a
general creditor.

[5] ID.—POSSESSION OF FUNDS — PLEADING — PARTIES — APPEAL.—The
objection in such a case that the complaint does not allege that
the funds are not in the possession of the party who, with the
decedent, was possessed of them cannot be considered on appeal,
the question involving the sufficiency of the complaint as against
a special demurrer on the ground of a defect or misjoinder of
parties defendant.

[6] ID.—DEMAND—PLEADING.—In such an action it is not necessary
to allege in the complaint a demand for the money made prior

2. See 11 Cal. Jur. 800.

to the death of the decedent, or that there was any repudiation of the trust during the lifetime of the decedent. The cause of action did not accrue against the testator during his lifetime but did accrue against the executors of his estate.

[7] ID.—STATUTE OF LIMITATIONS.—The statute of limitations began to run in such a case upon the rejection of the claim by the executors or upon the demand upon the executors and their refusal to act.

[8] ID.—REJECTION OF CLAIM—ELECTION.—The filing of the complaint after the expiration of the tenth day following the presentation of the claim to the executors, and within the statutory period, constituted an election on the part of the plaintiff to deem the claim rejected, and it was not necessary to allege in the complaint such fact.

[9] ID.—PLEADING—PRAYER.—The fact that a plaintiff may have demanded more than he was entitled to does not render the complaint subject to demurrer on that ground.

[10] ID. — JUDGMENT — PAYMENT. — A judgment in such case would necessarily have to be paid in due course of administration, as plaintiff was a general creditor, but it is not necessary to pray in the complaint that the judgment be so paid.

[11] ID.—PLEADING—CONSTRUCTION.—Since the enactment of section 452 of the Code of Civil Procedure in 1872 it has been generally recognized that in the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.

[12] ID.—PRESUMPTIONS.—If it be assumed that there is a presumption against the pleader when the pleading is silent as to an essential averment, such presumption would not go to the length of requiring allegations in anticipation of matters of defense or to negative the existence of defensive matters.

(1) 24 C. J., p. 399, n. 98. (2) 24 C. J., p. 400, n. 10. (3) 24 C. J., p. 292, n. 71, 72. (4) 24 C. J., p. 292, n. 72. (5) 4 C. J., p. 667, n. 43. (6) 37 C. J., p. 923, n. 34, p. 965, n. 47. (7) 37 C. J., p. 924, n. 37, p. 957, n. 73. (8) 24 C. J., p. 750, n. 26, p. 779, n. 46. (9) 24 C. J., p. 842, n. 6, p. 843, n. 10 New, p. 847, n. 77. (10) 24 C. J., p. 897, n. 6. (11) 31 Cyc., p. 79, n. 4. (12) 31 Cyc., p. 86, n. 42, p. 109, n. 87.

APPEAL from a judgment of the Superior Court of Los Angeles County. Ira F. Thompson, Judge. Reversed.

7. See 25 Cal. Jur. 271.
11. See 21 Cal. Jur. 53.
12. See 21 Cal. Jur. 51–53.

The facts are stated in the opinion of the court.

Newby & Palmer for Appellant.

Meserve & Meserve and Timon E. Owens for Respondents.

SHENK, J.—This is an appeal from a judgment dismissing an action on a claim against the estate of Finis E. Yoakum, deceased. A demurrer, general and special, to the amended complaint was overruled in one department of the trial court and the defendants answered. When the cause proceeded to trial in another department, a witness on behalf of the plaintiff having been sworn, counsel for the defendants objected to the introduction of any evidence on the ground that the said amended complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, the plaintiff declined to amend, and the judgment of dismissal from which this appeal is taken was entered.

Briefly stated, the plaintiff alleges that prior to his death the decedent was a minister who claimed to be a divine healer; that the plaintiff had an invalid child who the decedent said was possessed of a demon, which he would drive out of the child by prayer; that plaintiff relied on the assurance of the decedent in that respect, was converted to the latter's faith, attended his church and remained a communicant thereof until the death of the decedent, still having and retaining the greatest confidence in the integrity and benevolence of the decedent; that in May, 1906, the plaintiff was about to return to his old home in an eastern state because of his inability to obtain employment in California, of which fact, and also of the fact that the plaintiff had some funds on hand, the decedent became aware; that thereupon decedent represented to the plaintiff that if he would remain in California he would continue to pray for the plaintiff's daughter, and that if plaintiff would deliver to the decedent the said funds the decedent and one D. M. McDonald would hold the funds for plaintiff "as a trust fund," to be by them loaned to various persons such as they should select, and that such funds would earn not less than twelve per cent per annum; that they would pay the plaintiff such interest as his money would earn

from time to time, and that they "would repay to him the principal at such time as he should demand the same"; that the plaintiff, because of the confidential relations existing as aforesaid, believed and relied upon the said representations, and so believing and relying he delivered to said Yoakum and the said McDonald checks, United States bonds and money aggregating $3,300 to be used by them in making said loans; that the said Yoakum and McDonald paid to the plaintiff interest on said sum of $3,300 at the rate of twelve per cent per annum, which they reported to the plaintiff was earned by said money, up to and until the fourth day of April, 1915; that there is now due from the said estate the sum of $3,300 with interest at the. rate of twelve per cent per annum from April 4, 1915, no part of which has been paid, except several items in the aggregate amount of $167.89, the last of which was paid September, 1917. It was further alleged that the said Finis E. Yoakum died testate on the seventeenth day of August, 1920, leaving an estate in the county of Los Angeles; that his will was admitted to probate and that letters testamentary were issued on April 4, 1921, to the defendants herein; that notice to creditors was first published on April 7, 1921, and that on the twenty-fifth day of the same month the plaintiff presented to the executors his verified claim for $3,300 plus interest thereon at the rate of seven per cent per annum from April 4, 1915, and that said claim was never allowed or rejected by said executors. A copy of the claim is then set forth, in which it is stated that the amounts therein specified aggregating the total of $3,300 were delivered to the decedent and said McDonald to be held by them in trust for the claimant and to be loaned by them for the claimant's use and benefit. No action having been taken on said claim this suit was commenced on February 20, 1922, wherein it is prayed that judgment be rendered for the sum of $3,300, together with interest from the fourth day of April, 1915, at the rate of seven per cent per annum and for general relief.

[1] The defendants attack the complaint on numerous grounds, many of which go to the sufficiency thereof as against a special demurrer and which do not now require consideration. The only question for determination on this

appeal is whether the plaintiff has set forth facts sufficient to entitle him to relief against the estate.

[2] It is well settled that in an action on a rejected claim a claimant can only recover upon the cause of action set forth in his claim (*Estate of Dutard*, 147 Cal. 253 [81 Pac. 519], and cases cited). [3] There is a clear distinction between the cause of action of one who claims specific property held and claimed by the estate adversely to the claimant and a cause of action founded upon a claim against the estate. In the one case the claimant is in no sense a creditor of the estate and in the other he occupies the position of a creditor (*Estate of Dutard, supra*). It is clear that the foundation of the claim of the plaintiff herein is of the latter class. He does not pursue any specific fund or property, but as a general creditor seeks a money judgment which, if obtained, would be paid in due course of administration. The allegations of the complaint follow the averments of the claim and as such are sufficient upon which to establish an express trust. (*Schroeder* v. *Jahns*, 27 Cal. 274; *Orcutt* v. *Gould*, 117 Cal. 315 [49 Pac. 188].)

[4] It is insisted that the complaint is fatally defective because it does not allege that the trust fund or the proceeds thereof cannot be traced to specific money or property in the hands of the defendants. We do not deem such an averment essential. Counsel for the defendants have cited numerous cases to the effect that when the money or property delivered to the defendant cannot be traced to a specific fund or property in the hands of the personal representative the claimant is in the position of a general creditor and cannot recover except by the presentation of a claim against the estate. But we have been cited to no authority in this state or elsewhere to the effect that the claimant is compelled to allege and prove a specific fund or property in the hands of the estate when he is seeking to recover as a general creditor. It would seem to be true that if the claimant elect to occupy the less advantageous position of a general creditor he has the option to do so, and it must be assumed, in the absence of an allegation to the effect that the trust fund can be traced to specific money or property, that it is impossible for the claimant to so truthfully aver and if he does so aver and prove he may not then be deemed also a general creditor.

[5] It is further insisted that there is no intimation in the complaint that the funds are not in the possession of McDonald. We deem this objection not available to the defendants under the situation here presented, for we cannot now consider the sufficiency of the complaint as against a special demurrer on the ground of a defect or a misjoinder of parties defendant. [6] It is contended that it is not alleged that demand for the money was made prior to the death of the decedent, or that there was any repudiation of the trust during the lifetime of the decedent. Assuming that there was no such demand or repudiation the plaintiff's cause of action was not affected thereby for the reason that the said cause of action under such circumstances did not accrue against the testator during his lifetime but did accrue against the executors of his estate. [7] The statute of limitations would not commence to run until repudiation of the trust or until demand was made. No such repudiation or demand is alleged except the demand upon the executors and their refusal to act. Upon rejection or such refusal the statute would commence to run (*Schroeder* v. *Jahns, supra*).

[8] It is contended that the amended complaint is insufficient for the reason that it does not allege that the plaintiff elected to deem the claim rejected after the expiration of the tenth day following its presentation. Section 1496 of the Code of Civil Procedure provides that if an executor refuse or neglect to indorse an allowance or rejection on the claim for ten days after the same has been presented to him such refusal or neglect may "at the option of the claimant, be deemed equivalent to a rejection on the tenth day." The complaint alleges that the said claim was presented to the defendants as executors at the place designated in the notice to creditors, and that the claim has never been allowed or rejected by the executors or either of them. We think the filing of the complaint after the expiration of the tenth day and within the statutory period, as was done in this case, constituted an election on the part of the plaintiff to deem the claim rejected (*Cowgill* v. *Dinwiddie,* 98 Cal. 481 [33 Pac. 439]; *Barclay* v. *Blackinton,* 127 Cal. 189 [59 Pac. 834]).

In the claim the plaintiff demanded interest on the principal sum. In the prayer of the complaint such interest is

likewise demanded. It is insisted that interest is not allowable. Whether interest should be allowed under the facts as developed on the trial is a question we need not now decide. [9] The fact that the plaintiff may have demanded more than that to which he was entitled did not render the complaint subject to the general demurrer. [10] Nor do we think that the plaintiff is not entitled to relief by reason of the fact that a money judgment only is demanded without a prayer that the same be paid in due course of administration. If a judgment for any sum be rendered in favor of the plaintiff it would necessarily be paid in due course of administration for the plaintiff would take his place as a general creditor.

[11] The defendants insist upon the application of the rule that a pleading must be taken most strongly against the pleader. This rule received recognition in the earlier cases (*Chipman* v. *Emeric*, 5 Cal. 49 [63 Am. Dec. 80] ; *Joseph* v. *Holt*, 37 Cal. 250), and the old rule seems to have received some, but we think, ill-considered notice in *Silvers* v. *Grossman*, 183 Cal. 696 [192 Pac. 537], where, on page 702, a quotation from *Joseph* v. *Holt, supra,* is set forth. Since the enactment of section 452 of the Code of Civil Procedure in 1872 it has been generally recognized that in the construction of a pleading for the purpose of determining its effect "its allegations must be liberally construed, with a view to substantial justice between the parties." (*Estate of Wickersham,* 153 Cal. 603 [96 Pac. 311] ; *Menefee* v. *Oxnam,* 42 Cal. App. 81 [183 Pac. 379].) [12] If it be assumed that there is a presumption against the pleader when the pleading is silent as to an essential averment such presumption would not go to the length of requiring allegations in anticipation of matters of defense or to negative the existence of defensive matters (21 Cal. Jur., 51–53).

We conclude that the pleading under attack contains a statement of facts sufficient as against a general demurrer.

The judgment is reversed.

Waste, C. J., Seawell, J., Richards, J. Curtis, J., and Preston, J., concurred.