[Civ. No. 4846.   Third Appellate District.—July 8, 1933.]

JOE HAUSER, Appellant, v. PACIFIC GAS & ELECTRIC COMPANY (a Corporation), Respondent.

224

Alva A. King and E. Vayne Miller for Appellant.

Thos. J. Straub, W. R. Dunn and Clinton F. Stanley for Respondent.

PULLEN, P. J.—This is an appeal from a judgment of dismissal. Plaintiff filed a complaint which defendant answered. Thereafter plaintiff moved for leave to file an amended complaint, and at the hearing thereof defendant asked for dismissal and judgment upon the ground that neither the complaint nor the proposed amended complaint stated facts sufficient to constitute a cause of action. The motion to file the amended complaint was denied and the motion for judgment on the pleadings granted. It is the contention of respondent that the complaint and proposed amended complaint did not set forth a cause of action and under the facts alleged a cause of action could not have been stated.

Appellant maintains a cause of action existed and was properly alleged and the suit was improperly dismissed. The facts as gathered from the pleadings show that the Pacific Gas and Electric Company maintained a pole line carrying high tension wires along a certain lane and across a yard or corral. Plaintiff, with permission of the owner and lessee, went upon the lands to move a hay derrick; that he hitched his horses to the derrick and was moving the derrick across the corral when the boom thereof came in close proximity to the electric wire, and the electricity arced across the intervening space and thus into the body of plaintiff.

The complaint alleges the negligence as follows: " . . . was moving and conveying the same (derrick) across the aforementioned yard . . . toward the . . . power line when, because of defendant's carelessness, recklessness and negligence in maintaining aforesaid wires within dangerous proximity and at an insufficient height from the ground and failing to insulate same the boom came in close proximity . . . and as a result thereof . . . "

It is further alleged that "the contact was caused solely and due to the negligence of the defendant in the maintenance of said power line" and "that as a result of defendant's carelessness . . . plaintiff received a severe electric shock" and also, "as a further result of defendant's carelessness," etc., plaintiff required attendance of a physician.

It is obvious that all of the foregoing allegations are as to the cause of the injury, leaving the fact of negligence to inference and innuendo.

In *Johnson* v. *Fletcher,* 97 Cal. App. 153 [274 Pac. 1001, 1002], it was alleged that plaintiff was induced to purchase an apartment house "by reason of the defendants and each of them having falsely . . . stated and represented . . . with the intent," etc. In upholding the order sustaining the demurrer thereto, the court, commenting upon the complaint, said: "The above allegation is a recital of facts and not a positive allegation. All matters of substance should be alleged positively and not be stated in the form of recitals. (*Philbrook* v. *Randall,* 195 Cal. 95, 103 [231 Pac. 739].) . . . This is true because the very object of drawing a complaint is to frame it in such manner that the defendant can admit or deny and thus form an issue."

In *Joseph* v. *Holt,* 37 Cal. 250, the court said: "A complaint should state expressly, that is to say, in direct terms, the facts constituting the cause of action, leaving no essential fact in doubt, or to be inferred or deduced by argument from other facts which are stated. As inference, argument, and hypothesis cannot be tolerated in a pleading (*Green* v. *Palmer,* 15 Cal. 411 [76 Am. Dec. 492]), so material facts cannot be left to inference, argument, or hypothesis, but must be expressly and in terms affirmed."

In *Stringer* v. *Davis,* 30 Cal. 318, it was essential that plaintiff allege that certain furniture and upholstery were used in a hotel. The plaintiff alleged "that said furniture and upholstery were furnished for and used in the furnishings of the hotel in the city and county of San Francisco known as the Willows."

The court said: "It is not an allegation that the goods were used in a hotel, nor that they were used in a building called the 'Willows', and that such building was a hotel. There is no direct averment that the 'Willows' is a hotel.

If such is the fact, it appears inferentially only. Nor is there any direct averment that, assuming the 'Willows' to be a hotel, the goods were ever used in it, except inferentially. That 'they were furnished for and used in the furnishing of', etc., is not an allegation that they were thereafter 'used', and *non constat* that they were."

Examining the present complaint further, we find no allegation of any duty owed by defendant to plaintiff nor does it appear that defendant might reasonably have anticipated the danger nor that plaintiff unwittingly nor accidentally came in contact with wires negligently maintained.

The rule has ofttimes been expressed that defendant electric company is not liable unless it could reasonably have anticipated the danger. (*Fairbairn* v. *American River Elec. Co.*, 170 Cal. 115 [148 Pac. 788], Id., 179 Cal. 157 [175 Pac. 637], *McCormick* v. *Great Western Power Co.*, 214 Cal. 658 [8 Pac. (2d) 145, 81 A. L. R. 678], and *Anderson* v. *Southern Cal. Edison Co.*, 77 Cal. App. 328 [246 Pac. 559].) See, also, *Sweatman* v. *Los Angeles G. & E. Corp.*, 101 Cal. App. 318, 323 [281 Pac. 677]. If there were an allegation that the wires were maintained in violation of law or of a rule or regulation of the Railroad Commission, then the law would impose the duty. No such allegation is here found except by recital that the wires were maintained "in dangerous proximity" and at "an insufficient height" above the ground. Such words are meaningless as allegations of fact and are averments of opinion of the pleader only.

The presumptions are against the pleader (sec. 1963, subd. 1, Code Civ. Proc.), and we must assume in the absence of the contrary that the wires were more than 25 feet above the ground and that the cross-arms were painted a bright yellow and at designated points bore high voltage signs as required by law.

It appears the accident here was not the result of an accidental contact with the wire while plaintiff was engaged in a rightful occupation. The contact was the deliberate act of plaintiff with full knowledge of all of the consequences.

In 45 Cal. Jur., page 931, it is said: "A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give

rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause. And if an independent negligent act or defective condition sets into operation the circumstances which result in injury because of the prior effective condition, such subsequent act or condition is the proximate cause''.

From the complaint it appears that plaintiff knew of the dangerous character of the wires and their exact location and condition and deliberately moved a derrick into them and was injured. From the foregoing it appears the complaint and the amended complaint failed to set forth any cause of action.

We now pass to the contention of plaintiff that the trial court abused its discretion in granting the motion to dismiss and refusing to permit further amendments and dismissing the action. ▇ Plaintiff maintains the motion for judgment on the pleadings was made without notice, that it came as a surprise to him and he had no opportunity to meet the points presented. Here we have a judgment before us which recites that the motion of defendant was regularly made and that no sufficient amendment was offered.

We must assume that plaintiff was satisfied that his complaint and proposed amended complaint set forth all of the essential facts of the case, for the matter was argued and taken under advisement by the trial court on December 29th, and held until March 9th, and during that period plaintiff took no further steps to amend his complaint.

In the case of *Morel* v. *Morel*, 203 Cal. 417 [264 Pac. 760], the defendant objected to the hearing of the motion on the ground that previous notice had not been given. The court held that the making of the objection was a waiver of notice. ''An appellate court will never indulge in presumptions to defeat a judgment. (Citation.) On the contrary, every intendment and presumption not contradicted by or inconsistent with the record on appeal must be indulged in favor of the orders and judgments of superior courts. (Citations.)

It is the duty of a litigant complaining of errors committed by a trial court to produce a duly authenticated record affirmatively showing the alleged error, and if matter relied on to show error has been stricken out by the trial court he must embody it in a bill of exceptions.'' (*Philbrook* v. *Randall*, 195 Cal. 95, 104 [231 Pac. 739, 742].) This is an appeal on the judgment-roll, and we are limited in our examination to that alone.

Although permission to amend pleadings is a matter within the sound discretion of the trial court, courts should be liberal in the allowance of amendments, but as here, where a cause of action is not stated and it is apparent from the facts alleged a cause of action cannot by amendment be stated, there is no abuse in refusing to grant the amendment.

The judgment appealed from is affirmed.

Plummer, J., and Thompson, J., concurred.