[Civ. No. 16200.   First Dist., Div. Two.   Apr. 4, 1955.]

ALFRED L. LA COM et al., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

Leonard Horwin and Richard Kelton for Appellants.

Alfred L. Wolf and Merrill Armour, as Amici Curiae on behalf of Appellants.

Robert H. Gerdes, Frederick W. Mielke, Jr., and Gardiner, Riede & Elliott for Respondent.

NOURSE, P. J.—Plaintiffs La Com, as operator of an airplane, and Finch, as its owner, jointly sued the defendants for damages to La Com for personal injuries and to the airplane he was flying over defendants' property. The demurrers of the airport and of the defendant land owners were sustained without leave to amend. No appeal was taken from that order. An amended complaint was filed against the P. G. & E. alone, a demurrer to which was sustained, and, on plaintiffs' statement that no leave to amend was desired, judgment was entered for that defendant. The appeal from this order raises the question whether the electric company, as matter of law, is liable for the injuries and loss to plaintiffs which, of course, are not here controverted.

The issues raised on the appeal are whether the electric company should respond in damages because of the hazard created by its overhead wires.

No question is raised that the wires were not maintained by the company under proper license from the land owners; nor that they were not in full compliance with all statutory requirements. The pertinent question is whether they were maintained in conformance with the pertinent regulations relative to air travel as a whole. A minor question whether this airplane which was used almost exclusively in trips between San Francisco and Los Angeles was engaged in inter-

state commerce to such extent as to place it within interstate commerce regulations is not important since we shall find that no federal regulation was violated.

■ Primarily it should be stated that any aircraft flying over the land and the structures on the land of another is a trespasser. (*Strother* v. *Pacific Gas & Elec. Co.*, 94 Cal. App.2d 525, 529 [211 P.2d 624]; Rest. Torts, § 159.)

■ A temporary invasion of the air space by aircraft is a privilege. So long as it "does not interfere unreasonably with the possessor's enjoyment . . . it, is privileged" (Rest., Torts, § 159). These principles are stated in our Public Utilities Code which reads: "§ 21402. . . . The ownership of the space above the land . . . is vested in the . . . owners of the surface beneath, subject to the right of flight described in Section 21403." The latter section provides that "Flight in aircraft . . . is lawful, unless at altitudes below those prescribed by federal authority, or unless so conducted as to be imminently dangerous to persons or property lawfully on the land. . . ."

Manifestly the plane here having been operated at an altitude which was dangerous "to persons or property lawfully on the land" was a trespasser on the land. Therefore plaintiffs' remedy, if any, must be based wholly on the issue whether the electric wires were "lawfully on the land."

■ When pertinent matters of fact within the knowledge of the pleader are not alleged in the complaint the court must assume that such facts are unfavorable to the pleader and that they are true, otherwise that the complaint would have included them. ■ Thus the facts that the electric wires were installed and maintained where they had a lawful right to be; that they were erected prior to the construction of the airport; that they were plainly visible to any pilot approaching the airport, must, in a ruling on a demurrer to the complaint, all be presumed to be true under the well settled rule that, when a pleader fails to state pertinent facts in his complaint, those facts must be taken as true and the court will conclude that his failure to plead them was because they would have weakened his case. (See *Smith* v. *Buttner*, 90 Cal. 95, 100 [27 P. 29]; *Curci* v. *Palo Verde Irr. Dist.*, 69 Cal.App.2d 583, 585 [159 P.2d 674]; *Strother* v. *Pacific Gas & Elec. Co.*, 94 Cal.App.2d 525, 530-531 [211 P.2d 624].)

On this basis we must presume that the plaintiff La Com "knew of the dangerous character of the wires and their exact location and condition and deliberately moved . . .

into them. . . .'' (*Hauser* v. *Pacific Gas & Elec Co.*, 133 Cal.App. 222, 227 [23 P.2d 1068].)

The conclusions must follow: that the wires were lawfully installed and maintained prior to the construction of the airport, that they were plainly visible to aircraft in approaching the airport. But more damaging is the necessary presumption on the face of the complaint that La Com, being a trespasser was guilty of contributory negligence as matter of law. ■ Where contributory negligence appears on the face of the complaint a demurrer to the complaint is properly sustainable on that ground. (*Routh* v. *Quinn*, 20 Cal.2d 488, 493 [127 P.2d 1, 149 A.L.R. 215].)

Appellants devote a large part of their briefs to a discussion of the failure of someone to paint the respondent's poles in colors of alternate white and orange. On the accepted theory that negligence of a defendant is immaterial when the contributory negligence of a plaintiff is obvious and conclusive it would serve no good purpose to discuss appellants' arguments at length. The complaint alleges that the towers were located ''on the east border'' of the ''landing approach.'' Whether the wires crossed the runway or were alongside of the border is not alleged, nor whether, if alongside of the landing approach, they were within a few feet or half a mile from the border.

■ It cannot be ascertained from the complaint whether the poles and electric wires were constructed after the erection of the airport. We must presume that they were not. ■ The rule of the federal authorities that the poles should be painted an alternative white and orange was applicable to those poles erected after the rule was in effect. To require the company to expend its own funds for marking the poles previously erected would be a taking of property without due process of law. It would be just as reasonable to say that the owner of a tall building could be compelled to remove it at his own expense for the benefit of the airport and air traffic.

But a pertinent fact is that the landing was attempted at about 6:55 p. m. on May 6, 1951, and hence in broad daylight. (The court can take knowledge that in the month of May, and with daylight saving time operating, the hour of 6:55 p. m. was actually 5:55 and that the sun did not set until after 7 p. m.) Hence, in the absence of any allegation to the contrary, the court must presume that the poles and wires were clearly visible to the pilot and that the failure to have them marked was not a contributory cause of the accident.

The contributory negligence of La Com is therefore complete.

Substantial authority for these views is found in *Strother* v. *Pacific Gas & Elec. Co.*, 94 Cal.App.2d 525 [211 P.2d 624]; *Capitol Airways* v. *Indianapolis Power & Light Co.*, 215 Ind. 462 [18 N.E.2d 776].) The Strother case is precisely in point and though we are well aware that there is a difference of opinion as to the binding effect which the opinion and judgment of one District Court of Appeal may have on the court of another district, where, as here, the case is so closely in point, both as to the facts and as to the questions of law involved, we have no hesitancy in resting our judgment on the opinion in the Strother case which we feel is a correct statement of the law. It should also be stated that no other case has been found in either the federal or state courts which is contrary to the Strother case.

Judgment affirmed.

Kaufman, J., concurred.

DOOLING, J.—I dissent. The opinion in this case applies horse-and-buggy law to the airplane age.

The amended complaint must be liberally construed. (Code Civ. Proc., § 452; *Mix* v. *Yoakum*, 200 Cal. 681, 687 [254 P. 557]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 42 [172 P.2d 867]; *Hudson* v. *Craft*, 33 Cal.2d 654, 661 [204 P.2d 1, 7 A.L.R.2d 696].) The opinion of my associates not only disregards this rule but in some instances actually misconstrues the plain language of the pleading. The amended complaint alleges that the power lines were "on the east border of the San Francisco Bay Airport and *on* the landing approach thereto." (Emphasis mine.) The entire meaning of this allegation is changed by the expedient of omitting a few words and changing the second preposition from "on" to "off," so that it is made to read that the power lines were on the east border *of* the landing approach. Having done this by another easy transposition they are speculated into a position half a mile away. The preposition "on" denotes "contiguity" or "contact." (Webster's New International Dictionary, 2d ed.) A town half a mile from a river cannot be said to be located on the river.

The complaint alleges the failure to paint the towers in alternate bands of white and orange and to provide for lighting them from the hours of sunset to sunrise as required by the rules of the United States Civil Aeronautics Administration and that in their unmarked condition they constituted

a danger and hazard to aircraft using said airport, "which fact was well known to defendant."

The complaint further alleges that the casualty to the airplane occurred "*at* or *about* the hour of 6:55 p. m. . . . and *after the hour of sunset*." (Emphasis mine.) In the face of the specific allegation that the casualty happened "after the hour of sunset," the majority seizes on the allegation of the time to write out the allegation of the fact that the sun had set. The allegation that it was "after the hour of sunset" is specific and must be construed as true against the indefinite "at or about" allegation of the time. The complaint alleges that plaintiff pilot "failed to see said towers and power lines" and by reason of the failure of the defendant to mark and light them as required by the aforesaid regulation "said airplane was caused to collide with said power lines." In my judgment the allegations of the complaint are sufficient to state a cause of action.

I differ with my associates on both grounds of their opinion. It needs no citation of authority at this stage of the development of our constitutional law to support the settled rule that all private property is held subject to reasonable police regulation for the protection of the public. I simply cannot agree that such simple requirements as painting and lighting structures which are so near to an airfield as to constitute a danger, when unmarked and unlighted, to airplanes using the field, constitute an unreasonable regulation. To compare this to a requirement that a man tear down a high building is to disregard the elementary distinction between regulation which is reasonable and that which is unreasonable.

Nor can I follow my associates in their conclusion that the complaint shows as a matter of law that the pilot was guilty of contributory negligence. After sunset, as every driver of an automobile will recognize, many objects have a deceptive appearance. We cannot take judicial notice that from the air the exact height of towers and wires is at any time clearly perceptible and we may assume, from the federal regulations for their marking and lighting, that it is not. In any event I am satisfied that my associates have usurped the function of triers of the fact without hearing the evidence when they assert that they "must presume that the poles and wires were clearly visible to the pilot."

In my view the extreme position taken by the court in *Strother* v. *Pacific Gas & Elec. Co.*, 94 Cal.App.2d 525 [211 P.2d 624] should be reexamined. I would reverse the judgment.