[Civ. No. 21916. Second Dist., Div. Two. Oct. 26, 1956.]

CLARA HESSE, Appellant, v. N. F. VINATIERI et al., Respondents.

David I. Lippert for Appellant.

Parker, Stanbury, Reese & McGee for Respondents.

ASHBURN, J.—Plaintiff, having been injured on September 11, 1951, sued defendants Vinatieri and Ducommun Metals and Supply Company on November 7, 1955. She attempted to excuse the delay and the bar of the statute of limitations (Code Civ. Proc., § 340, subd. 3) upon the ground of fraudulent concealment by Vinatieri of the existence of a cause of action against him. Demurrer to her second

amended complaint was sustained with leave to amend within 10 days. Plaintiff elected to stand upon her complaint. Judgment of dismissal was entered pursuant to Code of Civil Procedure, section 581, subdivision 3, and plaintiff appeals therefrom.

The complaint alleges that plaintiff was standing on the southwest corner of Eighth and Alameda Streets in the city of Los Angeles; that defendant Vinatieri, who was driving a car owned by Ducommun Metals and Supply Company, as its agent, so negligently drove same as to cause one Seemann "to depart from the roadway and run upon the sidewalk where plaintiff was standing and to strike plaintiff with great force and violence." By way of excuse for delay in suing Vinatieri plaintiff alleges that she brought action against Seemann alone, that the case came on for trial, after certain excusable delays, on September 28, 1955, and resulted in a verdict for defendant Seemann. She alleges that Vinatieri was a witness at that trial and she then learned for the first time of the fraud he had perpetrated upon her; that had she known the true facts she would have sued him, as well as Seemann, on August 6, 1952.

In her effort to charge fraud to Vinatieri she alleges that "said N. F. VINATIERI and ULRICH MAX SEEMANN had a legal duty to report the facts of the said accident to the Los Angeles Police Department under the provisions of Section 484 of the California Vehicle Code and did so report at the time of the said accident." She relied on said reports "as made to the Los Angeles Police Department" by Vinatieri and Seemann and concluded that the accident was solely due to the negligence of Seemann, as the police themselves had done. Vinatieri's report to the police is alleged to have said that he was northbound on Alameda and making a left turn to go west on Eighth Street; that the signal was green for him and the southbound traffic had stopped to yield the right of way; that after he had crossed two southbound lanes he saw a southbound car next to the curb on Alameda about 50 feet north of the intersection which was going about 30 miles an hour, that he saw it was not going to stop so he stopped and the other car swerved to the right, struck the curb and stop sign and a woman standing on the southwest corner. "That plaintiff believed and relied upon the said statements of defendant, N. F. VINATIERI, as to the cause of the accident and particularly upon his statement that other south bound traffic had stopped to yield to him." The

complaint further alleges that at the trial one of the principal issues was whether traffic had stopped to yield the right of way to said Vinatieri; that he then testified that he could not remember whether opposing traffic had stopped or was in motion, could not say whether southbound cars passed through the intersection prior to the time he started his left turn, and further stated that such southbound cars may have been rolling slowly. This testimony, according to plaintiff, "established the negligence of N. F. VINATIERI." It is further alleged: "That the said N. F. VINATIERI falsely stated the facts to the Police Department, as aforesaid, and concealed from it and plaintiff the fact thereafter stated in his said testimony in said trial. That such false statement and concealment were made and effected with intent to exonerate himself and his co-defendants from any charge of negligence as joint tort-feasors with said ULRICH MAX SEEMANN or otherwise and plaintiff was thereby misled and deceived by the said statement of defendant, N. F. VINATIERI."

■■ This does not charge a fraud or a fraudulent concealment. Primarily this is so because it does not allege that defendant, at the time of making his report to the police, knew that his statement that southbound cars had stopped for him was untrue, or that he did not believe it to be true, or that the statement was not warranted by the information he had. (See Civ. Code, § 1572; 23 Cal.Jur.2d § 11, p. 27.) The variation between the statements to the police and the trial testimony did not show falsity of the original statements, for the testimony amounted only to an admission of possible mistake in what the witness had originally reported. A bare charge of falsity is not enough. (*Harding* v. *Robinson*, 175 Cal. 534, 539 [166 P. 808]; *Morrell* v. *Clark*, 106 Cal.App.2d 198, 201 [234 P.2d 774].) Nor is the bald assertion of concealment of a cause of action sufficient. Mere nondisclosure is not concealment in the absence of a fiduciary relationship (*Simons* v. *Edouarde*, 98 Cal.App.2d 826, 829 [221 P.2d 203]); there must be some affirmative act calculated to obscure the existence of a cause of action and it must be factually alleged. (54 C.J.S., § 206, pp. 226-227, § 377, p. 514; 2 Witkin on California Procedure, p. 1334, § 356; *Bank of America* v. *Williams*, 89 Cal.App.2d 21, 25 [200 P.2d 151].) So far as intent is concerned it is not alleged that defendant expected or intended that plaintiff should refrain from suing him. His original statement merely

amounted to an assertion that he had a defense to any charge of negligence, criminal or civil.

The report made to the police by defendant was not one upon which plaintiff had a right to rely. Her counsel invokes section 484, subdivison (a), Vehicle Code, which provides: "The driver of a vehicle, other than a common carrier vehicle, involved in any accident resulting in injuries to or death of any person shall within 24 hours after such accident make or cause to be made a written report of such accident to the California Highway Patrol, except when such accident occurs within a city such report shall be made within said 24 hours to the police department of such city." The report, it will be noted, must be in writing. Section 488 of the same code provides that all required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles and the California Highway Patrol, except that certain facts, such as names and addresses, parties and witnesses, registration numbers and descriptions of vehicles, etc., may be disclosed to any person having a proper interest therein. It further provides: "No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident." Section 488.5 contains this paragraph: "Upon the termination of any criminal proceedings arising out of a traffic accident, or upon the determination by the proper authorities not to file any criminal charges as a result of such accident, but in all cases upon the termination of a period of six months after the date of the accident, all of the factual data gathered by the officers, together with the signed statements of all witnesses, except the reports signed by the drivers involved in the accident, shall be made available upon request to the interested parties named in Section 488."

Appellant relies upon cases such as *Pashley* v. *Pacific Elec. Ry. Co.*, 25 Cal.2d 226 [153 P.2d 325], and *Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203 [30 P.2d 39], but they are not apposite, for they involve instances in which defendant was under a duty to inform plaintiff of certain facts, or had voluntarily undertaken so to do, in either of which cases he has the further obligation to speak truly. The existence of a duty to tell the truth to a plaintiff is an essential basic element of any valid claim of fraud and deceit; unless it is intended that plaintiff rely and act upon a representation made by a defendant, or unless plaintiff belongs to

a class to whom the representation is made, no cause of action can arise therefrom. In *Cohen* v. *Citizens Nat. Trust etc. Bank,* 143 Cal.App.2d 480, 484 [300 P.2d 14], this court said: ''A person uttering misrepresentations is liable only to those in whom he intended to induce reliance and who do rely in the manner intended. [Citations.] Even though the misrepresentation has been made directly to the plaintiff, if the facts clearly indicate that the defendant when making such misstatements had no intention of inducing reliance by his listener, there is no actionable fraud even though the hearer in fact relies to his detriment. . . .'' Referring to Civil Code, section 1711,[1] it is said, at page 541: ''Any contention that every misrepresentation is a fraud upon the 'public' and thus the misrepresenter is 'deemed to have intended to defraud' the public is unavailing. If the code section were interpreted so broadly, it would wholly destroy the element of actionable deceit that the defendant must have intended to defraud the plaintiff. Such contention is utterly without support in the law. [Citations.]''

Defendant's report to the police was of such a nature that plaintiff had no right of access to it and hence no right of reliance upon it. Section 484, subdivision (a), requires a driver's statement to be in writing, which of itself implies a signature; it is to be delivered to the police department when an accident occurs within a city. Section 488 declares it to be for confidential use of the Department of Motor Vehicles and the California Highway Patrol, except for certain limited disclosures to interested parties. It specifically provides that no such report shall be used as evidence in any trial. After six months such signed statements of all witnesses ''except the report signed by the drivers involved in the accident'' shall be made available upon request to interested persons.

Counsel for appellant would remove his case from the scope of these limitations upon two grounds. First, he says Vinatieri was a witness rather than a driver, which argument is fatuous. Secondly, he says it does not appear that the report alleged in the complaint was in writing or that it was signed. The statute specifically exacts a written report and impliedly requires that it be signed. The pleader's

---

[1]Civ. Code, § 1711: ''One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit.''

failure to allege noncompliance with those requirements cannot help him. He relies upon a report made pursuant to "a legal duty to report the facts of the said accident to the Los Angeles Police Department under the provisions of Section 484 of the California Vehicle Code." The following averment that defendant "did so report at the time of the said accident" implies that he performed his statutory duty and filed a written and signed statement. The later allegation that the police findings and recommendations were "appended to said reports" of Vinatieri and Seemann, spells the same thing,—written reports. This is a situation to which the rule stated in *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 328 [253 P.2d 659], applies: "It is, of course, the rule that 'Since the enactment of section 452 of the Code of Civil Procedure . . . it has been generally recognized that in the construction of a pleading for the purpose of determining its effect "its allegations must be liberally construed, with a view to substantial justice between the parties" ' (*Mix* v. *Yoakum* (1927), 200 Cal. 681, 687 [254 P. 557]) but it is also the law that even while giving to a pleading 'the most liberal construction permitted by section 452 of the Code of Civil Procedure no intendment can be indulged in that the pleader has not stated his case as strongly as it was possible so to do' (*Haas* v. *Greenwald* (1925), 196 Cal. 236, 243 [237 P. 38, 59 A.L.R. 1493]; *Higgins* v. *Security Trust & Sav. Bank* (1928), 203 Cal. 398, 401 [264 P. 744])." Accord: *La Com* v. *Pacific Gas & Elec. Co.,* 132 Cal.App.2d 114, 116 [281 P.2d 894]; *Melikian* v. *Truck Ins. Exchange,* 133 Cal.App.2d 113, 115 [283 P.2d 269]. The rule is peculiarly applicable here because plaintiff declined to amend after leave granted and in such a posture of the case all ambiguities are resolved against her. ■ As Mr. Justice Vallée said in *Wilson* v. *Loew's Inc.,* 142 Cal.App.2d 183, 196 [298 P.2d 152]: "We must assume that plaintiffs have stated their cases as strongly as it was possible for them to do. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317, 328 [253 P.2d 659].) Having declined to avail themselves of leave to amend in the particular which defendants specifically pointed out to them, plaintiffs must 'stand upon their pleading as against all grounds and if the complaint is objectionable upon any ground the judgment of dismissal must be affirmed. [Citations.] Upon appeal from a judgment rendered after refusal to amend a complaint to which a demurrer has been sustained, it must be presumed that the

pleader has stated his case as strongly as it can be stated in his favor and all ambiguities and uncertainties must be resolved against him.' (*Metzenbaum* v. *Metzenbaum*, 86 Cal. App.2d 750, 752 [195 P.2d 492].)'' If defendant's statement to the police was not written or not signed, it was incumbent upon plaintiff to so allege, and to also show by what process it becomes available to her as a basis for reliance.

However, such an allegation, if made, would not strengthen her case. The report would then be one not required by law, also one not intended for plaintiff, and it would fall within the purview of the Cohen case, *supra*.

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied November 19, 1956, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1956.