[S.F. No. 24365. Aug. 30, 1982.]

E. H. WILSON et al., Plaintiffs and Appellants, v.
INTERLAKE STEEL COMPANY et al., Defendants and
Respondents.

COUNSEL

Ross L. Sargent for Plaintiffs and Appellants.

Albert E. Cronin, Jr., for Defendants and Respondents.

OPINION

RICHARDSON, J.—Relying on a trespass theory, plaintiffs seek damages for noise that disturbs and annoys them while causing no physical injury to their property. Under the circumstances, we will deny them a trespass remedy, while preserving the possibility of a recovery on a *nuisance* theory, despite their unsuccessful prosecution of a similar action for injunctive relief in 1974. Accordingly, we will reverse the judgment in defendants' favor and remand the case for a determination of the nuisance issue.

Plaintiffs are 22 retirees who own or reside in 14 homes adjacent to defendants' steel fabricating plant in Lodi. Plaintiffs' homes are located in a residential area and defendants' plant is on property which is properly zoned for industrial use.

In 1959, defendants' predecessor opened the plant and operated on an eight-hour daytime shift. In 1969, defendants purchased the facility and expanded it to a 24-hour around the clock operation. Subsequently, nearby neighbors including plaintiffs complained of the high level of noise generated by the continuous pounding of a punch press, a shearing machine, and other related machinery and equipment. The noise, which was particularly noticeable during the late night and early morning hours, caused no physical damage to any adjacent property.

In 1974, plaintiffs filed a nuisance action against defendants seeking only injunctive relief to limit both the hours and noise level of defendants' operations. Plaintiffs contended that the noise from defendants' plant made sleep impossible and interfered with the every day use and enjoyment of their property. Before the disposition of the nuisance suit, plaintiffs initiated the present, separate, trespass action. The trial court in the nuisance proceeding subsequently entered a judgment for defendants in reliance on Code of Civil Procedure section 731a, which provides: "Whenever any city, city and county, or county shall have established zones or districts under authority of law wherein certain manufacturing or commercial or airport uses are expressly permitted, except in an action to abate a public nuisance brought in the name of the people of the State of California, no person or persons, firm or corporation shall be enjoined or restrained by the injunctive process from the reasonable and necessary operation in any such industrial or commercial zone or airport of any use expressly permitted therein, nor shall such use be deemed a nuisance without evidence of the employment of unnecessary and injurious methods of operation." Plaintiffs did not appeal from this adverse judgment, which has long since become final.

In the present case, the parties stipulated to the following relevant facts, among others: (1) plaintiffs' use and enjoyment of their property has been and is substantially disrupted because of noise emanating from defendants' plant; (2) the noise has not caused any physical damage to plaintiffs' property; (3) no physical or particulate matter passes over or upon plaintiffs' property; (4) the noise vibrations are emitted through the air and not transmitted through the ground; and (5) plaintiffs, if

called, would testify at trial that the noise emissions have resulted in a measurable diminution in the market value of their homes.

In addition, plaintiffs stipulated that they had filed a prior nuisance action to enjoin defendants' facility between the hours of 10 p.m. and 7 a.m. daily, and that the trial court in that action denied injunctive relief on the basis that the plant operated in a necessary and noninjurious manner.

■ The sole question presented is whether plaintiffs may maintain a trespass action for discomfort and annoyance caused by the generation of noise that does not cause any physical damage to their property. A jury having been waived, the trial court answered the question in the negative and entered judgment for defendants, holding that noise alone, without some physical damage, does not support a trespass recovery. While reversing the judgment on other grounds, we agree with the trial court that trespass does not lie under these circumstances. We hereby adopt as our own that portion of the well reasoned opinion of Acting Presiding Justice Evans which correctly resolves the issue for the Court of Appeal, Third Appellate District, in this case. That opinion, with appropriate additions and deletions,* reads as follows:

The rule has evolved in California that trespass may be committed by consequential and indirect injury as well as by direct and forcible injury. However, a distinction is perceived between noise-caused vibrations resulting in damage or injury and noise waves that are merely bothersome and not damaging; the latter does not constitute a trespass, but must be dealt with as a nuisance. (See *Gallin* v. *Poulou* (1956) 140 Cal.App.2d 638, 641-645 [295 P.2d 958]; *McNeill* v. *Redington* (1944) 67 Cal.App.2d 315, 319 [154 P.2d 428]; *Drennen* v. *County of Ventura* (1974) 38 Cal.App.3d 84 [112 Cal.Rptr. 907].)

Noise alone, without damage to the property, will not support a tort action for trespass. Recovery allowed in prior trespass actions predicated upon noise, gas emissions, or vibration intrusions has, in each instance, been predicated upon the deposit of particulate matter upon the plaintiffs' property or on actual physical damage thereto. [ ] [(See *Kor-*

---

*Brackets together, in this manner [], are used to indicate deletions from the opinion of the Court of Appeal; brackets enclosing material (other than the editor's parallel citations) are, unless otherwise indicated, used to denote insertions or additions by this court. (*Estate of McDill* (1975) 14 Cal.3d 831, 834 [122 Cal.Rptr. 754, 537 P.2d 874].)

*noff* v. *Kingsburg Cotton Oil Co.* (1955) 45 Cal.2d 265, 266 (288 P.2d 507); *Roberts* v. *Permanente Corp.* (1961) 188 Cal.App.2d 526, 529 (10 Cal.Rptr. 519); *Gallin* v. *Poulou, supra,* 140 Cal.App.2d 638, 641-645; *McNeill* v. *Redington, supra,* 67 Cal.App.2d 315, 316, 319.)]

■ All intangible intrusions, such as noise, odor, or light alone, are dealt with as nuisance cases, not trespass. (*Greater Westchester Home-owners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86 [160 Cal. Rptr. 733, 603 P.2d 1329]; *Smith* v. *Lockheed Propulsion Co.* (1967) 247 Cal.App.2d 774 [56 Cal.Rptr. 128, 29 A.L.R.3d 538].)

■ Succinctly stated, the rule is that actionable trespass may not be predicated upon nondamaging noise, odor, or light intrusion; moreover, liability for trespass will not be imposed unless the trespass was intentional, the result of recklessness, negligence, or the result of an extra hazardous activity. (See *Smith* v. *Lockheed Propulsion Co., supra,* 247 Cal.App.2d at p. 784.) [ ]

The case authorities relied upon by plaintiffs in support of their contention that noise waves which do not damage a plaintiff's property may serve as a predicate for a tort action in trespass rather than a nuisance action are factually inapposite. [ ] (End of Court of Appeal opinion.)

■ The emission of sound waves alone, while possibly constituting actionable nuisance, does not support the application of traditional trespass principles. The highly respected torts authority, Dean Prosser, has noted that: "The distinction which is now accepted is that trespass is an invasion of the plaintiff's interest in the exclusive possession of his land, while nuisance is an interference with his use and enjoyment of it. The difference is that between walking across his lawn and establishing a bawdy house next door; between felling a tree across his boundary line *and keeping him awake at night with the noise of a rolling mill.*" (Italics added, Prosser, Torts (4th ed. 1971) § 89, pp. 594-595.) In similar fashion, the distinction is succinctly expressed in comment d to section 821D of the Restatement Second of Torts: "A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it. . . . A nuisance is an interference with the interest in the private use and enjoyment of the land and does not require interference with the possession." (See also 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity § 91, p. 5314.)

While we readily acknowledge that case law has developed a certain blurring and overlap of remedies, depending upon the precise nature of the invasion, we preserve that historical conceptual distinction between nuisance, whether public or private, and trespass. It follows that, under the facts pleaded in the present matter, nuisance not trespass is the appropriate remedy. Plaintiffs have pled facts which are sufficient to sustain recovery on a nuisance theory. They are entitled to damages unless precluded by the disposition of their earlier nuisance action. The trial court in that action, denied the injunctive relief prayed for solely on the basis of section 731a of the Code of Civil Procedure.

For the further guidance of the trial court, we note an earlier but related conclusion that the purpose of section 731a is "to eliminate *injunctive relief* where the business is operated in its appropriate zone and the only showing is an injury and nuisance to the plaintiff in such operation." (*Gelfand* v. *O'Haver* (1948) 33 Cal.2d 218, 220 [200 P.2d 790], italics added.) One court, considering a nuisance action, has observed that "Section 731a does not operate to bar a recovery for damages. [Citations.]" (*Venuto* v. *Owens-Corning Fiberglass Corp.* (1971) 22 Cal. App.3d 116, 130 [99 Cal.Rptr. 350]; see also *Kornoff* v. *Kingsberg Cotton Oil Co., supra*, 45 Cal.2d 265, 271 [trespass and nuisance]; *Roberts* v. *Permanente Corp., supra*, 188 Cal.App.2d 526, 529 [same]; *McNeill* v. *Redington, supra*, 67 Cal.App.2d 315, 319 [nuisance].)

Defendants appear to assume that the trial court's findings in plaintiffs' earlier nuisance action have conclusively established that defendants' operations did not constitute a nuisance and, accordingly, that neither injunctive nor monetary relief is available to plaintiffs. However, it is unclear from the record before us whether such a finding in fact was made, or whether, alternatively, that finding was necessary to the court's decision, thereby precluding its relitigation in the present action. (See *Estate of Simmons* (1966) 64 Cal.2d 217, 223 [49 Cal.Rptr. 369, 411 P.2d 97]; *Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 385 [295 P.2d 405]; *Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 430 [95 Cal.Rptr. 860]; 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 210, at pp. 3348-3349; Rest.2d Judgments, § 27, p. 250 et seq.)

Because the foregoing issue was neither briefed nor argued in this court, it is appropriate that the matter first be presented to the trial court for its determination.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein. The parties shall bear equally their costs of appeal.

Bird, C. J., Mosk, J., Newman, J., Kaus, J., Broussard, J., and Watt, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.