[No. B006752. Second Dist., Div. Three. Dec. 3, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
VOLNEY CLENOM MORGAN, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Harry B. Sondheim and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Chula & May and Alan M. May for Defendant and Respondent.

OPINION

**KLEIN, P. J.**—Plaintiff and appellant the People of the State of California (People) appeal from an order of the superior court granting defendant and respondent Volney Clenom Morgan's (Morgan) motion to dismiss a count charging him with murder.

Because the issue of causation of death was not necessarily decided in the prior proceeding, the People are not collaterally estopped from trying Morgan for murder; and because the People were also proceeding under alternative theories of express and implied malice, it was error to dismiss the murder count merely because a felony-murder theory was not viable. Therefore, we reverse the order.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 1982, a complaint was filed charging Morgan with violation of Penal Code section 187, murder, violation of Business and Professions Code section 2053 (section 2053), practicing medicine without a license, and three counts of violating Health and Safety Code section 11377, possession of a controlled substance.

On November 5, 1982, Morgan filed a motion to dismiss pursuant to Penal Code section 995, based upon insufficiency of the evidence. On No-

vember 23, 1982, the motion was heard, and the murder count was dismissed.

On January 13, 1983, the People noticed their appeal of the November 23, 1982 dismissal.

On March 3, 1983, trial commenced on the remaining four counts. Morgan was convicted of practicing medicine without a license and two counts of possession of a controlled substance, all felonies, and was sentenced to two years probation.

On January 25, 1984, this court filed its opinion in *People* v. *Morgan,* 2d Crim. No. 43990, reversing the trial court's order of dismissal, and thereafter the murder count was reinstated.

On May 14, 1984, the trial court granted Morgan's motion to dismiss the murder count. It is from that postremittitur dismissal that the People now appeal.

## Contentions

The People contend it was error to dismiss the murder count in that: (1) Morgan's conviction of the unlicensed practice of medicine under circumstances or conditions which create the risk of great bodily harm or death does not collaterally estop the People from prosecuting Morgan for murder; (2) The fact that a felony-murder theory cannot be predicated on the felonious unlicensed practice of medicine does not preclude a murder prosecution predicated on alternative theories (e.g., express or implied malice); and (3) The trial court's dismissal cannot be predicated on the People's failure to obtain a stay of trial on the unlicensed practice of medicine count.

## Discussion

1. *Morgan's prosecution for murder is not collaterally estopped by his conviction of unlicensed practice of medicine.*

The trial court held the People were collaterally estopped from trying Morgan for murder because in convicting Morgan of the unlicensed practice count it had made findings that there was no proof of causation of death.

An element of homicide is that the defendant's criminal act or omission be the proximate cause of the death. (1 Witkin, Cal. Crimes (1st ed. 1963) § 295, p. 270.)

■ Collateral estoppel will bar relitigation of an issue decided at a previous proceeding "if (1) the issue *necessarily* decided at the previous [proceeding] is *identical* to the one which is sought to be relitigated; if (2) the previous [proceeding] resulted in a final judgment on the merits; and if (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding]." (*People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622], italics added.)

■ Morgan was convicted of violating section 2053, which provides in pertinent part: "Any person who willfully, under circumstances or conditions which *cause* or *create risk* of great bodily harm, serious physical or mental illness, or death, practices or attempts to practice . . . any system or mode of treating the sick or afflicted in this state, or diagnoses, treats, operates for, or prescribes for any ailment, blemish, deformity, disease, disfigurement, disorder, injury, or other physical or mental condition of any person, without having at the time of so doing a valid, unrevoked, or unsuspended certificate as provided in this chapter, or without being authorized to perform such act pursuant to a certificate obtained in accordance with some other provision of law, is punishable by imprisonment in the county jail for not exceeding one year or in the state prison." (Italics added.)

In other words, section 2053 provides that felonious practice of medicine without a license can be committed in one of two ways: either by causing, or, by creating the risk of, great bodily harm or death.

Our review of the record indicates the cause of death was *actually litigated.* The People called Dr. Schnittker from the office of the chief medical Examiner to testify as to her opinion as to the cause of death. However, the issue of cause of death was *not necessarily decided* by the trial court. The record indicates the People argued and submitted their case on the theory that Morgan's conduct created a risk of death. The trial court then found Morgan guilty beyond a reasonable doubt as to the unlicensed practice count by finding the injection of Talwin into the decedent, together with the fact that she was not taken to the hospital, were the circumstances or conditions which *created the risk* of great bodily harm or death. Although the trial court expressed its doubts as to the actual or proximate cause of death, those remarks were surplusage, and it was unnecessary for the trial court to reach that threshold, because the People were not proceeding on that theory.

■ If a finding or other determination of an issue in the first action was unnecessary to the court's decision, it will not have the effect of a collateral estoppel. (*Wilson* v. *Interlake Steel Co.* (1982) 32 Cal.3d 229, 234 [185 Cal.Rptr. 280, 649 P.2d 922]; 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment § 268, p. 710.) ■ Because the issue of whether Morgan's

conduct was the proximate cause of death was not one necessarily decided in the earlier proceeding, collateral estoppel will not bar prosecution of Morgan for murder.

Separately, the People contend the trial court erred in its assertion that the People were collaterally estopped by way of their failure to obtain a stay on the section 2053 count while the appeal from the dismissal of the murder count was pending. Strategically, had the People been able to obtain a stay, which is highly unlikely in light of Morgan's speedy trial right, any possible collateral estoppel problem would have been avoided. However, the absence of any request by the People for a stay is immaterial, as there is no collateral estoppel for the reasons already discussed.

■ 2. *The trial court erred in dismissing the murder count in that, although People v. Burroughs (1984) 35 Cal.3d 824 [201 Cal.Rptr. 319, 678 P.2d 894] may have precluded a felony-murder theory, the People were also proceeding on alternative theories of express or implied malice.*

The trial court held *Burroughs* required dismissal of the murder count because "second degree felony murder is no longer viable for a violation of 20053 [2053] of the Business and Professions Code."[1]

The People concede *Burroughs* precludes their proceeding under felony murder, but contend it was error to dismiss in that the People were also proceeding under alternative theories of express and implied malice. That contention is correct, and we only need call the trial court's attention to our opinion in the first appeal, wherein we held, inter alia, that there was sufficient evidence to hold Morgan to answer for a charge of murder on a theory of express or implied malice.

Further, *Burroughs* itself held that, while the defendant could not be convicted of second degree felony murder, an unintentional homicide committed in the course of a noninherently dangerous felony may support a conviction of involuntary manslaughter, if the felony is committed " 'without due caution and circumspection.' " (*Id.*, at p. 835.) The same is true in the instant case—although Morgan could not be held to answer for felony murder for the death which occurred in the course of his committing the section 2053 felony, if that felony were committed without due caution and circumspection, there still remained the possibility of his being convicted of involuntary manslaughter.

---

[1]*People* v. *Burroughs, supra,* at page 827, held that while the felonious unlicensed practice of medicine can, in many circumstances, pose a threat to the health of the individual being treated, commission of that crime does not inevitably pose danger to human life, so that a violation of section 2053 does not provide the predicate for a felony-murder conviction.

### Disposition

The postremittitur dismissal of the murder count is reversed and the case is remanded for trial.

Danielson, J., and Arabian, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 14, 1986.