FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,

v.

JACKSON–SHAW PARTNERS NO. 46, LTD., et al. Defendants.

Civ.No. 92–20556 SW.

United States District Court, N.D. California.

April 12, 1994.

Michael S. Brown, Thomas P. Sullivan, John B. Dickson, Mendelson & Brown, Alameda, CA, and John H. Erickson and Alice M. Beasley, Erickson Beasley Hewitt & Wilson, Oakland, CA, for F.D.I.C.

Steve McNichols, Steven M. Fleisher, and Eric Wong, Hallgrimson McNichols McCann & Inderbitzen, San Jose, CA, for Jackson–

Shaw Partners No. 46, Ltd., a Texas Ltd. partnership.

Eric Wong, Hallgrimson McNichols McCann & Inderbitzen, San Jose, CA, for Wallace G. Murfit, individually and as a general partner.

Joseph P. Scully, Richard J. Denney, Jr. and Nicholas DeWitt, Paul Hastings Janofsky & Walker, Los Angeles, CA, for Solvent Service Co., Inc., a California corp.

Malcolm Leader–Picone and Eric R. De-Walt, Kennedy & Wasserman, Oakland, CA, for Chevron U.S.A. Inc., Pennsylvania corp.

Richard Stoll, pro se.

ORDER GRANTING JACKSON–SHAW LEAVE TO FILE AN AMENDED CROSS–CLAIM; GRANTING CROSS–DEFENDANTS' MOTIONS TO DISMISS; DENYING CHEVRON'S MOTION TO STRIKE AND/OR DISMISS JACKSON–SHAW'S CROSS–CLAIM FOR CONTRACTUAL INDEMNITY

SPENCER WILLIAMS, District Judge.

Plaintiff Federal Deposit Insurance Corporation ("FDIC") brought this action against Jackson–Shaw Partners No. 46, Ltd. Wallace Murfit, Jackson–Shaw's general partner, and others for judicial foreclosure, specific performance of assignment of rents and profits, and for damages for the impairment of FDIC's security interest. In response, Jackson–Shaw and Murfit (hereafter referred to collectively as "Jackson–Shaw") filed cross-claims against Chevron U.S.A, Inc. ("Chevron") and Solvent Service Company, Inc. ("SSI"). Chevron and SSI now move to dismiss the cross-claims for temporary trespass and temporary nuisance. Chevron also moves to strike and/or dismiss Jackson–Shaw's cross-claim for contractual indemnity. For the reasons expressed below, cross-defendants' motion to dismiss is GRANTED; and Chevron's motion to strike and/or dismiss is DENIED.

## BACKGROUND

On May 14, 1985, Jackson–Shaw, which is a Texas limited partnership and FDIC's assignor bank ("Lender") executed loan documents, including a Deed of Trust Note in the principal sum of $20,000,000. The purpose of the loan was to provide all funds for Jackson–Shaw's acquisition of and construction of improvements on a 20–acre parcel of land in San Jose, California.

Jackson–Shaw constructed a number of buildings on the property, containing approximately thirty-one commercial/industrial rental units. These units are now occupied by various businesses. Around the same time, it was discovered that releases of hazardous substances from two adjacent sites had contaminated the soil and groundwater beneath a small portion of the property. Subsequently, SSI and Chevron, the owners of the adjacent sites, agreed to indemnify the partnership and Wallace Murfit, the general partner, for liabilities that arose out of the contamination. SSI and Chevron also agreed to clean up the sites. The clean-up operation is under way, but it is expected that the property will not be restored to its pre-contamination condition for at least 20 years.

When the loan became due on September 1, 1988, Jackson–Shaw was unable to pay it in full, but Jackson–Shaw and FDIC entered into a new agreement, under which Jackson–Shaw would continue the operation and management of the property and remit the net operating income to FDIC. This arrangement continued until early in 1992, when Jackson–Shaw delayed both in rendering its monthly accountings and paying the net operating income. After Jackson–Shaw failed and refused to render any accountings and pay any rents for the period after March 31, 1992, FDIC instituted this action.

Jackson–Shaw's original cross-claim against SSI and Chevron stated claims for permanent trespass and nuisance. Realizing that those causes of action were barred by the statute of limitations, Jackson–Shaw voluntarily dismissed them. On December 10, 1993, this Court entered an order to that effect and granted Jackson–Shaw leave to file an amended cross-claim adding claims for continuing trespass and continuing nuisance.

## DISCUSSION

### I. THE MOTIONS TO DISMISS

#### A. Jackson–Shaw's Failure to Timely File its Amended Cross–Claim

■ Chevron contends that Jackson–Shaw's amended cross-claim should be dismissed as untimely. The Order of December 10, 1993, granted Jackson–Shaw 10 days' leave to file its amended cross-claim. Jackson–Shaw filed the amended cross-claim on January 12, 1994. According to Jackson–Shaw's counsel, its failure to timely file the amended cross-claim was inadvertent. Counsel for Jackson–Shaw also contends that SSI and Chevron have suffered no prejudice because they received a draft of the amended cross-claim while their motion for summary judgment was pending.

In light of these considerations, Jackson–Shaw is hereby granted leave to file its amended cross-claim *nunc pro tunc* to January 12, 1994.

■ However, the Court is disturbed that Jackson–Shaw's counsel filed the amended cross-claim long after the deadline without filing an application for leave to do so. Counsel is advised that untimely pleadings must be accompanied by an application for leave to file. It is also incumbent on counsel to adhere to the Court's deadlines, as the Court does not grant relief from them as a matter of course.

#### B. Cross–Defendants' Substantive Arguments

#### 1. Legal Standard

■ Under the liberal federal pleading policies, a plaintiff need only give defendant fair notice of the claims against it. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A claim should not be dismissed unless it is certain that the law would not permit the requested relief even if all of the allegations in the complaint were proven true. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987). Therefore, for purposes of this motion to dismiss, the Court assumes the truth of all factual allegations in the complaint as well as all reasonable inferences drawn from them.

#### 2. Analysis

■ The central issue in this motion is whether Jackson–Shaw is entitled to diminution in value damages if it prevails on its newly stated claims for continuing trespass and continuing nuisance. California law recognizes that there are two types of trespass and nuisance: those that are permanent and those that are continuing. *See Kornoff v. Kingsburg Cotton Oil Co.,* 45 Cal.2d 265, 268–269, 288 P.2d 507, 509 (1955) (distinction recognized in trespass case); *Spaulding v. Cameron,* 38 Cal.2d 265, 268, 239 P.2d 625, 628 (1952) (distinction recognized in nuisance case). In a permanent nuisance or permanent trespass case, the injured party can recover damages for a variety of injuries, including diminution in value. *City of San Jose v. Superior Court,* 12 Cal.3d 447, 464, 115 Cal.Rptr. 797, 808, 525 P.2d 701, 712 (1974) (nuisance); *Alphonzo E. Bell Corp. v. Listle,* 74 Cal.App.2d 638, 650, 169 P.2d 462, 469 (1946) (trespass). Unlike a permanent trespass or permanent nuisance case, the noxious activity in a continuing trespass or continuing nuisance case can be abated at any time. *Mangini v. Aerojet–General Corp.,* 230 Cal.App.3d 1125, 1146, 281 Cal. Rptr. 827, 840 (1991). Also, in a continuing trespass or continuing nuisance case, the injured party may bring successive actions for damages until the harm is abated but may recover damages only for the temporary injury suffered up to three years prior to the commencement of each action. *Baker v. Burbank–Glendale–Pasadena Airport Authority,* 39 Cal.3d 862, 868–869, 218 Cal.Rptr. 293, 705 P.2d 866 (1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986); *Spar v. Pacific Bell,* 235 Cal.App.3d 1480, 1485, 1 Cal.Rptr.2d 480, 483 (1991); *Mangini,* 230 Cal.App.3d at 1148, 281 Cal. Rptr. at 841. In contrast to permanent nuisance and permanent trespass actions, a plaintiff bringing causes of action for continuing trespass or continuing nuisance cannot recover prospective damages. *Id.*

■ SSI and Chevron argue that Jackson–Shaw's continuing trespass and continuing nuisance claims should be dismissed because

the diminution in value damages the partnership is seeking cannot be recovered under those theories. The Court agrees. California courts which have spoken in this area are uniformly of the view that diminution in value damages are not compensable in a continuing trespass or continuing nuisance case. *CAMSI IV v. Hunter Technology Corp.*, 230 Cal.App.3d 1525, 1542, 282 Cal.Rptr. 80, 90 (1991); *Mangini*, 230 Cal.App.3d at 1145, 281 Cal.Rptr. at 839 (1991).

The *CAMSI IV* court considered a landowner's claims for negligence, negligence per se and strict liability against a former lessee of the property, which had allegedly contaminated the property during its leasehold. The Court of Appeal affirmed the trial court's decision to sustain the defendant's demurrer without leave to amend, noting that the claims were time barred. During oral argument, the court asked plaintiff's counsel whether his client intended to bring a cause of action for nuisance. *Id.* 230 Cal.App.3d at 1539, 282 Cal.Rptr. at 88. Counsel responded negatively. After the court issued its opinion, the Court of Appeal issued its decision in *Mangini*. Based on this new authority, plaintiff petitioned for rehearing, arguing that the trial court abused its discretion by denying it leave to amend to plead theories of continuing trespass and continuing nuisance. The appellate court denied the petition and stated: "CAMSI IV could have avoided the bar of the statute of limitations only by pleading *continuing* nuisance and *continuing* trespass, but had it done so it would have limited its available relief in damages to harms shown to have accrued before its action was filed (which would not have included, for example, diminution in market value of the parcel)." *Id.* at 1542, 282 Cal. Rptr. at 90 (emphasis in original). At the time the court rendered this decision, it was aware that CAMSI IV sought to hold the defendant liable for the loss of a potential sale of part of the property. *See id.* at 1529, 282 Cal.Rptr. at 82.

The facts in *Mangini* are similar to those in *CAMSI IV*. In *Mangini*, a property owner brought an action for continuing trespass and continuing nuisance against former lessees of the property, alleging that they contaminated the property during their leasehold. To recover damages for diminution in value, the plaintiff sought an injunction requiring the defendant to buy the property at its market value unaffected by the contamination. The trial court sustained defendant's demurrer without leave to amend, reasoning that the trespass and nuisance claims were barred by the statute of limitations. The Court of Appeal reversed, ruling that the plaintiff could still pursue claims for continuing trespass and continuing nuisance. *Mangini*, 230 Cal.App.3d at 1148–1149, 281 Cal. Rptr. at 841–842. However, it also held that the relief the plaintiff requested was "incompatible" with plaintiff's claims. *Id.* at 1145, 281 Cal.Rptr. at 839.

According to Jackson–Shaw, these cases are distinguishable because the plaintiffs were seeking prospective damages and the courts assumed (1) that their equity powers could and would stop the nuisance in the immediate future; (2) that the property would revert to its fair market value without diminution in value once the contamination was abated; and (3) that the plaintiff would continue to own the property after the problem was abated. Jackson–Shaw maintains that in those cases, the plaintiff would be unjustly enriched by an award of diminution in value damages where the contamination was abated and the property reverted to its fair market value. The partnership contends that in this case, the contamination cannot be immediately abated. Jackson–Shaw further argues that its damages are not prospective; because of the contamination it was unable to sell the property and it lost an opportunity to escape a deficiency judgment. The partnership also claims that the parcel will never return to its fair market value because of the stigma that attaches to property with a history of contamination. Finally, Jackson–Shaw notes that California courts are flexible in determining damages for injury to property and adopt whatever formula will most adequately compensate the injured party for the loss it sustained.

FDIC, offering its opinion as amicus curiae, weighs in with a similar argument, emphasizing general principles of California law regarding an injured party's right to just

compensation for all damage sustained as a result of a continuing trespass or continuing nuisance. FDIC then argues that *Spaulding* and its progeny only preclude windfall damages; thus, a plaintiff cannot simultaneously obtain an abatement remedy, which restores the property's value, and damages for diminution in value. According to FDIC, the damages Jackson–Shaw seeks would not constitute a windfall.

Although it is axiomatic that a tortfeasor is liable for all damages proximately caused by his or her conduct, Cal.Civ.Code § 3333; *Armitage v. Decker,* 218 Cal.App.3d 887, 904–905, 267 Cal.Rptr. 399, 409 (1990), an injured party's claim is barred if it is not filed within the applicable limitations period. Jackson–Shaw has already admitted that its claims for permanent nuisance and permanent trespass are barred by the statute of limitations. Were they not barred, the partnership would, in all likelihood be able to recover diminution in value damages, *See City of San Jose,* 12 Cal.3d at 464, 115 Cal.Rptr. at 808, 525 P.2d at 712; *Listle,* 74 Cal.App.2d at 650, 169 P.2d at 469, which might include a component relating to the stigma caused by the contamination, although this remains an open question. *See Alexander v. McKnight,* 7 Cal.App. 4th 973, 977, 9 Cal.Rptr.2d 453, 455–456 (1992) (quoting *Reed v. King,* 145 Cal.App.3d 261, 267, 193 Cal.Rptr. 130, 133 (1983) (holding that reputation and history may affect the value of a piece of property)). As the discussion above reveals, the weight of California courts which have spoken to this issue have rejected attempts to recover such damages under continuing trespass or continuing nuisance theories.[1] It is easy to see why. The principal assumption underlying continuing trespass and continuing nuisance theories is that the activity causing the injury can be abated. Thus, the damages are distinct from those arising from conduct constituting permanent trespass and permanent nuisance. To accept Jackson–Shaw's reasoning would

permit parties seeking recovery for time-barred permanent trespass and permanent nuisance claims to avoid the statute of limitations simply by recharacterizing them as continuing trespass and continuing nuisance claims. The Court cannot permit the statute of limitations to be eviscerated in this fashion.

■■■■ California law limits damages for continuing trespass and continuing nuisance to abatement and loss of use. SSI and Chevron have agreed to indemnify Jackson–Shaw for remediation costs and Wallace Murfit has admitted that the partnership has suffered no loss of use damages. Murfit Decl., SSI Exh. E, ¶ 6.

In light of the foregoing, Jackson–Shaw's cross-claims for continuing nuisance and continuing trespass are DISMISSED WITH PREJUDICE.

Because the FDIC participated in the briefing and oral argument on this motion, the ruling is binding on the FDIC as well.

## II. CHEVRON'S MOTION TO STRIKE AND/OR DISMISS PORTIONS OF JACKSON–SHAW'S FIRST AMENDED CROSS–CLAIM

■■■■ Chevron also seeks to dismiss Jackson–Shaw's claim for contractual indemnity, arguing that the indemnification agreement the parties entered can only be construed to indemnify the partnership against third party claims arising out of the contamination or clean-up. According to Chevron, nothing in the agreement supports Jackson–Shaw's interpretation that Chevron is liable to the partnership for the partnership's liability to FDIC.

This Court denied Chevron's motion for summary judgment on this issue in its Order of December 10, 1993. *See* Order of December 10, 1993, at 6. In so doing, the Court

---

1. FDIC cites three cases which it believes are persuasive, *Wilshire Westwood Associates v. Atlantic Richfield Co.,* 20 Cal.App.4th 732, 24 Cal. Rptr.2d 562 (1993); *Newhall Land & Farming Co. v. Superior Court,* 19 Cal.App.4th 334, 23 Cal.Rptr.2d 377 (1993); and *Wilson v. Interlake Steel Co.,* 32 Cal.3d 229, 185 Cal.Rptr. 280, 649 P.2d 922 (1982). None of them are. *Wilshire*

*Westwood* addresses damages related to loss of use, not diminution in value. *Wilshire Westwood,* 20 Cal.App.4th at 738, 24 Cal.Rptr.2d at 565. Neither *Newhall Land* nor *Wilson* explicitly address whether diminution in value damages are recoverable in a continuing trespass or continuing nuisance case.

analyzed the relevant language in the agreement and concluded that the plain meaning supported Jackson–Shaw's interpretation. *Id.* Now Chevron argues that in California, the concept of indemnity applies only to third party tort claims or liabilities against a party and does not apply to contractual liabilities as is the case here.

Chevron's motion completely ignores the Order of December 10, 1993. Furthermore, since it asks the Court to review the agreement, it is actually a motion for summary judgment, not a motion to dismiss.

Since the Court already ruled on this issue, Chevron's motion can only be construed as a motion for reconsideration. Motions for reconsideration serve a very limited purpose. They are appropriate only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 252 (7th Cir.1987), *amended* 835 F.2d 710 (7th Cir. 1987) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–666 (N.D.Ill.1983), *aff'd* 736 F.2d 388 (7th Cir. 1984)); *See also Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.1990). They are not to be used to test new legal theories that could have been presented when the original motion was pending. *Id.* Chevron's motion does just that. In addition, Chevron repeats its contention that its construction of the agreement is the only fair interpretation possible. The Court rejected this argument when it ruled on Chevron's original motion.

Accordingly, Chevron's motion is DENIED. Jackson–Shaw's cross-claim for contractual indemnity will be adjudicated at trial.

## CONCLUSION

(1) Jackson–Shaw is granted leave to file its amended cross-claim *nunc pro tunc* to January 12, 1994.

(2) Jackson–Shaw's cross-claims for continuing trespass (third claim for relief) and continuing public and private nuisance (fourth claim for relief) are DISMISSED WITH PREJUDICE.

(3) Chevron's motion to strike and/or dismiss Jackson–Shaw's claim for contractual indemnity is DENIED.

IT IS SO ORDERED.