98 F.3d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Schuyler VAN SCOY, Plaintiff-Appellant,
v.
Charles G. Kinney, Appellant,
v.
SHELL OIL COMPANY, Defendant-Appellee.
 Nos. 95-16315, 96-15008.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1996.
Decided Oct. 2, 1996.
 
 1
 Before: CHOY, CANBY, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Schuyler Van Scoy appeals the district court's grant of summary judgment in favor of Shell Oil Company in Van Scoy's state law tort action alleging that Shell tortiously injured him by dumping excessive amounts of selenium into the San Francisco Bay. Van Scoy's attorney also appeals the district court's levying of sanctions against him because he pursued Van Scoy's tort claims after it was apparent that there was no injury and no causation. See Fed.R.Civ.P. 11. We affirm.
 
 
 4
 1. The district court did not err when it concluded that Van Scoy had failed to submit evidence demonstrating that he had suffered any physical injury from Shell's selenium discharge. He claimed that he had eaten tainted fish, but there was no evidence that there was excess selenium in his body, that he had any symptoms of selenium poisoning, or, for that matter, that there had ever been a documented case of poisoning from eating selenium-tainted fish.
 
 
 5
 Neither did the district court err when it concluded that Van Scoy suffered no cognizable emotional injury. To be cognizable under California law, emotional and mental distress must be objectively "serious" such that "a reasonable person normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 989 & n. 12, 863 P.2d 795, 810-11 & n. 12, 25 Cal.Rptr.2d 550, 565-66 & n. 12 (1993) (quotation and citations omitted); see also Molien v. Kaiser Found. Hospitals, 27 Cal.3d 916, 928-30, 616 P.2d 813, 819-21, 167 Cal.Rptr. 831, 837-38 (1980). All Van Scoy has shown is that he was "angry and upset" about the selenium discharges. That alone is simply not serious enough under California law. See Twaite v. Allstate Ins. Co., 216 Cal.App.3d 239, 258, 264 Cal.Rptr. 598 (1989).
 
 
 6
 Van Scoy also failed to submit evidence of any economic injury. He contends that he suffered economic injury due to Shell's selenium discharge when his party boat business declined and failed, and that he consequently had no choice but to make a distress sale of his boat.[1] However, Van Scoy's business had been in decline since 1988 when there was an oil spill at Shell. Van Scoy presented no admissible evidence that the selenium discharges were a contributing factor to his business woes. Instead, Van Scoy relied on statements from his own deposition in which he stated that customers of his had asked about the selenium content of fish, and then had not hired him. The court properly excluded those statements as hearsay. See Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 851 (9th Cir.1990). Similarly, the testimony of Van Scoy's expert, Meyer, did not support the conclusion that selenium had caused the business decline. Instead, Meyer merely posited that selenium "may" be a "potential candidate" in the decline of the business.[2]
 
 
 7
 2. The district court did not err when it concluded that the lack of injury was fatal to each of Van Scoy's state law causes of action. An element of each of Van Scoy's theories of recovery is that a plaintiff demonstrate that a defendant's behavior actually and proximately caused plaintiff a concrete injury. To be actionable, a negligent act must cause an injury. "It is a fundamental principle 'that a negligent act does not give rise to liability without damage.' " Stevens v. Geduldig, 42 Cal.3d 24, 35, 719 P.2d 1001, 1008, 227 Cal.Rptr. 405, 412 (1986) (quoting Witkin, Summary of California Law, Tort, p. 3135 (8th ed. 1974)); see also Newhall Land & Farming Co. v. Superior Court, 19 Cal.App.4th 334, 347, 23 Cal.Rptr.2d 377, 384-85 (1993) (negligence requires violation of duty that proximately causes injury to property). Similarly, injury is required to establish intentional interference with prospective economic advantage. See Morningstar, Inc. v. Superior Court, 23 Cal.App.4th 676, 695-96, 29 Cal.Rptr.2d 547, 558 (1994) (tort of intentional interference with prospective economic advantage requires a showing of "damages to the plaintiff proximately caused by the acts of the defendant"). Because, as already discussed, Van Scoy failed to establish any injury whatsoever, the district court properly granted summary judgment as to his negligence and interference claims.
 
 
 8
 To establish a claim for nuisance, one must show "a substantial and unreasonable invasion of one's interest in the free use and enjoyment of one's property." Lussier v. San Lorenzo Valley Water Dist., 206 Cal.App.3d 92, 100, 253 Cal.Rptr. 470, 473 (1988); see also San Diego Gas & Elec. Co. v. Superior Court, --- Cal.4th ----, ----, 920 P.2d 669, ----, 55 Cal.Rptr.2d 724, 751-52 (1996) (electromagnetic emissions constitute nuisance only if they substantially interfere with the use and enjoyment of land). Van Scoy failed to submit evidence that Shell's discharge of selenium has limited his usage of his land in any way whatsoever. He has not even shown that the selenium can be perceived. Consequently, summary judgment was appropriate on the nuisance claims.
 
 
 9
 To establish a trespass, a plaintiff does not generally need to establish damage to the property. See Staples v. Heofke, 189 Cal.App.3d 1397, 1406, 235 Cal.Rptr. 165, 171 (1987). Instead, a trespass occurs when a defendant's intentional, reckless, negligent or ultrahazardous activity causes the physical invasion of a person's possessory interest in the land. See Wilson v. Interlake Steel Co., 32 Cal.3d 229, 233, 649 P.2d 922, 924, 185 Cal.Rptr. 280, 282 (1982) ("liability for trespass will not be imposed unless the trespass was intentional, the result of recklessness, negligence, or the result of an extra-hazardous activity."); Girard v. Ball, 125 Cal.App.3d 772, 788, 178 Cal.Rptr. 406, 414 (1981). Van Scoy has entirely failed to submit evidence that there has been any trespass whatsoever. Van Scoy has submitted no evidence that there has been any excess selenium deposited on the land beneath the water under his leased berth. He has submitted evidence that Shell and others have released selenium which entered the bay, and that selenium has bioaccumulated in some aquatic life and deposited beneath the bay. However, Shell's release is slight enough that it does not materially increase the ambient levels in the bay. Even assuming that Van Scoy has a possessory interest in the land beneath the water under his berth, Van Scoy's lack of evidence of any excess accumulation on that land related to Shell's release of selenium is fatal to his trespass claim. Van Scoy's trespass claim, therefore, rests solely on his assertion that selenium dissolved in the water which passes under his berth constitutes a trespass. The California Supreme Court has said that "actionable trespass may not be predicated upon nondamaging noise, odor, or light intrusion." Wilson, 32 Cal.3d at 233, 649 P.2d at 924, 185 Cal.Rptr. at 282; see also San Diego Gas & Elec., 13 Cal.4th at ----, 920 P.2d at ----, 55 Cal.Rptr.2d at 750 (electromagnetic emissions are intangible phenomena which constitute trespass only if they cause damage). The dissolved selenium in the water is analogous to tiny particles in air that cause an odor. Therefore, the dissolved selenium in the water does not trespass on Van Scoy's land even if some of it is emitted from Shell's pipe.
 
 
 10
 3. The district court did not abuse its discretion when it awarded sanctions under Federal Rule of Civil Procedure 11 for Van Scoy's trespass and nuisance claims. Sanctions are warranted under Rule 11 if the allegations and other factual contentions are entirely lacking in evidentiary support. Fed.R.Civ.P. 11(b-c); In Re Keegan Management Co., Securities Litigation, 78 F.3d 431, 434 (9th Cir.1996). Sanctions are appropriate for "insisting upon a position after it is no longer tenable...." Fed.R.Civ.P. 11 advisory committee's note.
 
 
 11
 As discussed above, Van Scoy entirely failed to produce any evidence in support of his claims of harm. The district court quite properly sanctioned his attorney for pursuing those claims after the absence of evidence became apparent.
 
 
 12
 4. Finally, the district court did not err when it awarded copying costs to Shell. Other than a small portion, which the district court disallowed, Shell carried its burden of presenting its cost bill to the district court, and Van Scoy did not come forward with anything to indicate that the costs were improper.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Van Scoy also contends that the decline in fish population harmed him as a fisherman with a property interest in the fish. However, Van Scoy did not raise this assertion in the district court, and therefore has waived it. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1438 (9th Cir.1993) ("because Hughes raises this argument for the first time on appeal, Hughes has waived it"); Louisiana-Pacific Corp. v. Asarco, Inc., 909 F.2d 1260, 1264 (9th Cir.1990)
 
 
 [2]
 Moreover, the district court properly denied Van Scoy's motion for reconsideration. Under Fed.R.Civ.P. 59(e), reconsideration is proper if the court is presented with newly discovered evidence. Van Scoy's motion was based on two declarations which were submitted for the first time on his motion for reconsideration. For Van Scoy to submit new evidence under Fed.R.Civ.P. 59, he must demonstrate that the new evidence was newly discovered and that he could not have discovered the evidence with reasonable diligence. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994); Hopkins v. Andaya, 958 F.2d 881, 887 n. 5 (9th Cir.1992); Englehard Indus., Inc. v. Research Instrumental Corp., 324 F.2d 347, 352 (9th Cir.1963), cert. denied, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964). Van Scoy's two declarations were from customers who had been listed in Van Scoy's May 31, 1995 Supplement to Answers to Interrogatories. Moreover, one of the declarants was Van Scoy's mother. The district court did not abuse its discretion